CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAR 31 2008
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Criminal Action No. 5:06CR00039-004 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JAMES RAY HOLMES, | ) | By: Hon. Glen E. Conrad |
| Defendant. | ) | United States District Judge |

This case is presently before the court on the issue of whether the defendant should receive a reduction in sentence pursuant to the United States Sentencing Commission's retroactive application of the amended guidelines pertaining to crack cocaine. For the following reasons, the court finds that a sentence reduction is not warranted in the defendant's case.

On January 11, 2007, the defendant, James Ray Holmes, pled guilty to one count of conspiring to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846. Prior to that date, the government filed a notice indicating that the defendant was subject to enhanced punishment under § 841(b)(1)(A), due to a prior conviction for a felony drug offense. The defendant was subsequently sentenced on August 13, 2007. Under the advisory sentencing guidelines, the defendant had a total offense level of 35 and a criminal history category of IV, resulting in a guideline range of imprisonment of 240 to 293 months.[*] The court granted a substantial assistance motion filed by the government pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, and ultimately sentenced the defendant to a 156-month term of imprisonment.

Pursuant to its statutory authority, the Sentencing Commission amended the sentencing guidelines applicable to criminal cases involving crack cocaine, or cocaine base, effective November 1, 2007. Specifically, the Sentencing Commission amended the drug quantity table set

---

[*] The low end of the guideline range was the 20-year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A), which resulted from the defendant's prior felony drug conviction.

forth in U.S.S.G. § 2D1.1(c), such that the base offense levels for crack cocaine offenses were generally lowered by two levels. On December 11, 2007, the Sentencing Commission further decided that, effective March 3, 2008, the amended guideline provisions will apply retroactively to offenders who were sentenced under prior versions of the sentencing guidelines, and who are still incarcerated. Stated generally, the practical effect of the Sentencing Commission's actions is that certain federal defendants convicted of offenses involving crack cocaine may be eligible for a reduction in their current sentences, pursuant to 18 U.S.C. § 3582(c)(2).

On February 20, 2008, the court notified the parties that the court was not considering a sentence reduction as otherwise permitted under the amended guidelines, inasmuch as the low end of the defendant's amended guideline range is the same as that originally determined at the time of sentencing, based upon the operation of the 20-year statutory minimum sentence. The parties were given 21 days to respond to the notice. As of this date, neither party has filed a response. Consequently, for the reason stated, the court finds that a sentence reduction is not warranted in the defendant's case. In addition, all other terms of the defendant's original sentence will remain the same.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

ENTER: This 31st day of March, 2008.

_____
United States District Judge