CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE. VA
FILED

MAY 0 6 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

UNITED STATES OF AMERICA,          )
    Plaintiff,                            )    Criminal Action No. 5:06CR00039-004
                                         )
v.                                   )    **MEMORANDUM OPINION**
                                         )
JAMES RAY HOLMES,                    )    By: Hon. Glen E. Conrad
    Defendant.                            )    United States District Judge

On August 17, 2007, the court sentenced the defendant to a term of imprisonment of 156

months in connection with a crack cocaine conviction. The case is presently before the court on the

defendant's motion for reduction in sentence, pursuant to 18 U.S.C. § 3582(c)(2). The defendant

contends that a reduction is warranted on the basis of Amendment 706 to the United States

Sentencing Guidelines.

As the United States Court of Appeals for the Fourth Circuit recently observed,

"Amendment 706, which was made effective November 1, 2007, and retroactive effective March 3,

2008, amended § 2D.1 of the Sentencing Guidelines by reducing the offense levels associated with

crack cocaine quantities by two levels." United States v. Hood, 556 F.3d 226, 232 (4th Cir. 2009).

The amendment enables a defendant to seek a reduced sentence by filing a motion under 18 U.S.C.

§ 3582(c)(2). Id. "To be the basis of a reduction under § 3582(c)(2), however, Amendment 706

must have 'the effect of lowering the defendant's applicable guideline range.'" Id. (quoting U.S.S.G.

§ 1B1.10(a)(2)(B)).

Having considered the defendant's motion for reduction in sentence, the court is constrained

to conclude that the motion must be denied. In this case, the defendant's original guideline range,

because of a statutory mandatory minimum sentence, was 240 to 293 months.* Although the court

---

* The low end of the guideline range was the 20-year mandatory minimum sentence under
21 U.S.C. § 841(b)(1)(A), which resulted from a prior felony drug conviction.

ultimately sentenced the defendant below the mandatory minimum as a result of a substantial assistance motion filed by the government, the low end of the defendant's amended guideline range remains the same as that originally determined at the time of sentencing, based upon the operation of the 240-month mandatory minimum sentence. Consequently, a sentence reduction is not authorized under § 3582(c)(2), since it "does not have the effect of lowering the defendant's applicable guideline range." See U.S.S.G. § 1B1.10 app. n. 1(A) (explaining that a reduction in a defendant's term of imprisonment is not authorized under § 3582(c)(2) if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)"; see also Hood, 556 F.3d at 233-234 (4th Cir. 2009) (holding that the operation of the 240-month statutory mandatory minimum rendered Amendment 706 inapplicable, and that the fact that the district court reduced the defendant's sentence for substantial assistance was irrelevant to the applicability of Amendment 706).

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

ENTER: This __5ᵗʰ__ day of May, 2009.

_____
United States District Judge

2